# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-0154** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KEVIN TURNER** | : | |

## **ORDER**

AND NOW, this 9th day of April, 2012, upon consideration of the petition to reopen case and reappoint counsel (Doc. 131), filed by Jason B. Duncan, Esquire, ("Attorney Duncan"), wherein Attorney Duncan avers that he previously represented defendant Kevin Turner ("Turner") in the above-captioned matter, and that on April 2, 2012, Attorney Duncan received correspondence from Turner indicating that the lead investigator in Turner's case had been charged criminally in Lebanon County with tampering and fabricating evidence and other crimes and that the Lebanon County District Attorney's Office informed Turner that his case may have been affected, and it appearing that Attorney Duncan wishes to be reappointed in order to investigate the allegations, and the court finding that pursuant to 18 U.S.C. § 3006A and the Criminal Justice Act Plan for the Middle District of Pennsylvania, "[w]henever a judge determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief . . . under sections 2241, 2254, or 2255 of title 28,

United States Code,"¹ see UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA CJA PLAN 2-3 (Rev. 2005), and the court concluding that the allegations of evidence tampering are serious and the interests of justice require the reappoint of counsel, but the court need not reopen the case unless and until there is evidence of impropriety by the investigator in this matter, it is hereby ORDERED that the petition to reopen case and reappoint counsel (Doc. 131) is GRANTED in part and DENIED in part as follows:

1. The petition to reopen case is DENIED without prejudice.

2. The petition to reappoint counsel is GRANTED.

3. Jason B. Duncan, Esquire, of the Law Offices of Duane P. Stone, 8 N. Baltimore Street, Dilsburg, PA 17017, telephone number (717) 432-2089, is REAPPOINTED to represent defendant Kevin Turner in exploring a possible motion to vacate sentence based on newly discovered evidence.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

¹ Turner entered a plea of guilty to a one count Information on June 28, 2011. (See Doc. 101). Therefore, a petition for habeas corpus is the appropriate means by which to seek to vacate his sentence. See 28 U.S.C. § 2255. A Rule 33 Motion for New Trial on the basis of newly discovered evidence may not be invoked where the defendant has pled guilty to the offense or offenses. See United States v. Miller, 197 F.3d 644, 648 n.3 (3d Cir. 1999) (citing United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995).